Robert T. Bell, Esq.
REEP, BELL, LAIRD & JASPER, P.C.
P.O. Box 16960
2955 Stockyard Road
Missoula, Montana 59808-6960
Telephone: (406) 541-4100
Facsimile: (406) 541-4101
Email: bell@westernmontanalaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| STACY J. McGILL, | ) Cause No.: _____ |
| Plaintiff, | ) |
| v. | ) **COMPLAINT AND** |
| WALGREEN CO., an Illinois corporation, | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

COMES NOW Plaintiff, by and through counsel of record, and for her Complaint against Defendant Walgreen Co., states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Stacy J. McGill ("Ms. McGill") is an individual. She was, at all times pertinent hereto, a resident and citizen of the State of Montana.

2. Defendant Walgreen Co. ("Walgreens") is an Illinois corporation with

its principal place of business at 200 Wilmot Road, Deerfield, Illinois, 60015.

3. Walgreens previously employed Ms. McGill as a Store Manager for store number 10726 in Missoula, Montana.

4. Ms. McGill first became employed by Walgreens in 2003. She worked for Walgreens for approximately sixteen (16) years.

5. Ms. McGill was a Montana employee. Walgreens was required to comply with Montana law in connection with Ms. McGill's employment.

6. This case involves a claim of wrongful termination of employment. The matter in controversy exceeds the sum of $75,000 (Seventy-Five Thousand Dollars).

7. The matter in controversy involves a claim between citizens of different states.

8. Diversity jurisdiction exists in this Court, pursuant to 28 USC 1332(a)(1).

9. Venue is proper in this Court.

## COUNT ONE: WRONGFUL TERMINATION

10. Plaintiff realleges each of the other allegations of this Complaint, as if fully set forth herein.

11. By the time of her termination, Ms. McGill had completed any applicable probationary period associated with her employment.

12. During the years before her termination, Ms. McGill had received favorable employment reviews.

13. During her tenure at Walgreens, Ms. McGill had not been subjected to any significant employment disciplinary action.

14. In October of 2019, Ms. McGill called her supervisor and advised that she was ill and would be using paid time off and unable to work a particular shift.

15. Ms. McGill had available paid time off accrued at the time she elected to use it.

16. On November 1, 2019, Ms. McGill was terminated by Kevin Stake (Mr. Stake"), District Manager for Walgreens.

17. When Ms. McGill asked Mr. Stake for the reason for termination, he stated only that she had not worked her scheduled shift and was therefore being terminated.

18. Prior to the date Ms. McGill did not work the subject shift, she has met all requirements for continued employment.

19. Ms. McGill contacted Walgreens' Human Resources Department and inquired whether a grievance or appeal procedure existed for the purpose of her appealing the termination. Walgreens advised her that no such procedure existed.

20. Ms. McGill has exhausted any available administrative or procedural remedies to challenge her termination.

21.   Walgreens discharged Ms. McGill without good cause.

22.   Ms. McGill has suffered damages, including without limitation, the loss of employment wages and benefits exceeding $75,000 (Seventy-Five Thousand Dollars) per year.

## COUNT TWO:  PUNITIVE DAMAGES

23.   Plaintiff realleges each of the other allegations of this Complaint as if fully set forth herein.

24.   Ms. McGill was fired for asserting her right to paid time off, a right promised to all employees within the Walgreens system.

25.   Public policy favors the right of every employee to use, and receive the benefit of, all employment benefits promised to them, including paid time off.

26.   Ms. McGill refused to violate public policy by asserting her right to utilize paid time off promised by Walgreens.  Walgreens is bound by law to allow employees to receive all employment benefits promised to them, including paid time off.  Ms. McGill was terminated because of her assertion of her right to use available paid time off.

27.   Walgreens' termination of Ms. McGill constitutes a termination of her employment for her refusal to violate public policy, as set forth in *Harrell v. Farmers Educ. Co-op Union of Amer.*, 2013 MT 367 ¶ 84.

28.   Walgreens acted with actual malice in violation of Mont. Code. Ann §

27-1-221(2) in that Walgreens had knowledge of facts or intentionally disregarded the fact that its termination of Ms. McGill without good cause would create a high probability of injury to her. Walgreens deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Ms. McGill and/or deliberately proceeded to act with indifference to the high probability of injury to Ms. McGill

## PRAYER FOR RELIEF

WHEREFORE, Ms. McGill prays for the following relief:

1. For an award of actual damages arising from her wrongful termination;
2. For an award of exemplary damages;
3. For an award of attorneys' fees, if available
4. For an award of her costs;
5. For such further and other relief as this Court may deem just.

DATED this 16th day of March, 2020.

REEP, BELL, LAIRD & JASPER, P.C.

By: /s/ Robert T. Bell
Robert T. Bell
Attorney for Plaintiffs

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 16th day of March, 2020.

                REEP, BELL, LAIRD & JASPER, P.C.

                By: /s/ Robert T. Bell
                    Robert T. Bell
                    Attorney for Plaintiffs